# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

LAMON LAMAR BARNES,

           Plaintiff,

    -vs-                                       Case No. 13-CV-607

BROWN COUNTY,
BROWN COUNTY DRUG TASK FORCE,
DAVE POTEAT, JEFF LADE,
ZAK HOSCHBACH, MARK HACKETT,
JOHN LAUX, GUY SHEPARDSON,
DETECTIVE DERNBACH,
JOHN AND JANE DOES 1-5,
SEALED DEFENDANT # 1, and
SEALED DEFENDANT #2,

           Defendants.

## SCREENING ORDER

        The plaintiff, who is incarcerated at Waupun Correctional Institution, filed a pro se complaint and amended complaint under 42 U.S.C. § 1983. This matter comes before the court on the plaintiff's petition to proceed *in forma pauperis*. He has been assessed and paid an initial partial filing fee of $65.69. *See* 28 U.S.C. § 1915(b)(1). Before screening the amended complaint, the Court will address the plaintiff's motion to reverse the Court's order to seal certain documents.

<u>Plaintiff's Motion to Reverse Court's Order Sealing Complaints and Exhibits</u>

        On June 18, 2013, the Court sealed portions of the complaint, amended

complaint, and exhibits based on the confidential informant's privilege. Redacted versions of the pleadings and exhibits were filed in the public record. The plaintiff contends that the privilege does not apply in this case because the information contained in the sealed documents is an open record under Wisconsin law. He avers that such information was publicly released and willingly revealed during the plaintiff's criminal trial. (Barnes Decl. ¶ 3.) In further support of his motion, the plaintiff asserts that the investigation is completed. The defendants did not file a response to the plaintiff's motion. Under the circumstance, the motion will be granted. *See Roviaro v. United States*, 353 U.S. 53, 60 (1957). Thus, the Court's order sealing portions of the documents will be vacated.

<u>Screening Order Standard of Review</u>

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal

2

theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more

than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

<u>Amended Complaint Allegations</u>

The plaintiff is a Wisconsin state prisoner. The defendants are: Brown County; Brown County Drug Task Force (DTF); Dave Poteat, Brown County Sheriff's Department (BCSD) lieutenant and director of the DTF; Jeff Lade, Village of Ashwaubenon public safety officer and DTF member; Zak Hoschbach, BCSD deputy and DTF member; Mark Hackett, BCSD deputy and DTF member; John Laux, Green Bay Police Department lieutenant and former DTF supervisor; Guy Shepardson, BCSD deputy and DTF member; JuJuan Jones/Sealed Defendant #1, DTF confidential informant; Detective Dernbach, BCSD deputy

4

and DTF member; Anthony Washington/Sealed Defendant # 2, private citizen on probation who was the target of DTF investigation; and John and Jane Does 1-5, who are in charge of ensuring that state and federal law is observed, enforced, and administered within their respective counties.

The amended complaint's "Preliminary Statement" summarizes the plaintiff's claims:

> The plaintiff alleges that Brown County DTF involvement in drug investigations through its employees and undercover operatives (hereinafter CI/Agents) have become so outrages [sic] that the notion of simple justice has been offended. Brown County adopted a custom, policy and/or practice of not strip-searching CI's/Agents before or after controlled buys of drugs. The plaintiff alleges that the no strip policy is unconstitutional when utilized in circumstances where indications are present that the CI/Agent is compromised and entered the controlled buy with contraband in order to manufacture evidence against suspects. The plaintiff contends that the 'no strip search custom, policy and/or practice' is used as a shield to circumvent corroboration of evidence obtained by CI's/Agents and thus deny suspects such as the plaintiff substantive and procedural due process during drug investigations. The plaintiff asserts that the no strip search custom, policy, and/or practice is the moving force behind his constitutional rights being violated. The plaintiff further contends that such a holding in itself provided the DTF incentive to adopt a 'see no evil turn a blind eye,' approach to the use of CI's/Agents. Such an approach effectively legitimized a no man's land of investigative tactics to be used by the DTF in order to obtain results, which constituted a failure to train and again denied the plaintiff and suspects like him substantive and procedural due process protections.
>
> Last, the plaintiff contends that the DTF as a law enforcement agency in the state of Wisconsin failed to prepare

5

in writing and make available for public scrutiny a specific procedure for processing and resolving complaints by any person regarding the misconduct of DTF investigators in violation of suspects such as the plaintiff's substantive and procedural due process rights.

(Am. Compl. at 3-4.) The plaintiff was arrested on January 11, 2011, and subsequently charged in Brown County Criminal Case Number 2011-CF-43. He alleges that the DTF used numerous illegal tactics in the investigation leading to his arrest, as follows:

> A. CI's/Agents were not strip searched when indications presented themselves that the CI/Agent could be a possible source of the irregularity of the evidence obtained and entered the controlled buy with contraband in order to manufacture evidence against suspects.
>
> B. CI's/Agents were not being properly searched before or after controlled buys allowing drugs to be removed from controlled transactions.
>
> C. DTF investigators were using influence over probation agents to disregard non-discretionary duties to arrested suspects in the custody/supervision of the WDOC-DOCC when suspects in the custody/supervision of the department engaged [in] criminal acts, allowing continued criminal activity in order to obtain results.
>
> D. DTF investigators were acting in concert with CI's/Agents to obtain results by any means necessary including illegal means beyond the scope of their duties by placing false, prejudicial, grossly inaccurate/erroneous information into suspects' investigatory files to be submitted to the District Attorney's Office.

(Am. Compl. at 16.)

The plaintiff claims that the defendants' actions violated his substantive and

6

procedural due process rights under the Fourteenth Amendment to the United States Constitution. He also claims that the defendants acted with deliberate indifference in violation of the Eighth Amendment. Further, the plaintiff claims that the defendants violated Article 1, Sections 1, 3, 4, 5, and 9 of the Wisconsin Constitution and Wis. Stat. §§ 66.0511, 939.70, 946.12, 946.46, and 969.03. He seeks declaratory relief, compensatory damages, and punitive damages.

Here, it appears that most, if not all, of the plaintiff's claims would necessarily imply the invalidity of his sentence and, as such, the action may barred by the "favorable termination requirement" rule of *Heck v. Humphrey*, 512 U.S. 477 (1994). Under the rule,

> a § 1983 suit for damages that would necessarily imply the invalidity of the fact of an inmate's conviction, or necessarily imply the invalidity of the length of an inmate's sentence, is not cognizable under § 1983 unless and until the inmate obtains favorable termination of a state, or federal habeas, challenge to his conviction or sentence.

*Nelson v. Campbell*, 541 U.S. 637, 646 (2004) (quoting *Heck*, 512 U.S. at 487).[1] However, at this early stage, it is not entirely clear that the plaintiff's claims are *Heck*-barred. Moreover, the plaintiff has filed a motion to amend the complaint, which the Court turns to

---

[1] Federal habeas relief under 28 U.S.C. § 2254 may be unavailable. The plaintiff bases his claims on "outrageous government conduct." The "outrageous governmental conduct" defense has its origins in *United States v. Russell*, in which the United States Supreme Court stated that "we may some day be presented with a situation in which the conduct of law enforcement agents is so outrageous that due process principles would absolutely bar the government from invoking judicial processes to obtain a conviction." 411 U.S. 423, 431-32 (1973). This statement was dicta, however, and in a subsequent Supreme Court decision, *Hampton v. United States*, 425 U.S. 484, 488-91 (1976), a three-Justice plurality stated that outrageous governmental conduct did not constitute a defense separate from entrapment. The Seventh Circuit has rejected the defense, and so the law in this circuit is that there is no federal due-process right to have a conviction set aside on the ground that it was procured through outrageous police conduct. *See, e.g., United States v. Stallworth*, 656 F.3d 721, 730 (7th Cir. 2011); *United States v. Boyd*, 55 F.3d 239, 241 (7th Cir. 1995).

7

now.

## Motion to Amend the Complaint

The plaintiff has filed a motion to file a second amended complaint to make specific allegations against the John Doe defendants. He also seeks to support the amended complaint allegations with additional documentary and digital evidence. According to the plaintiff, the second amended complaint will correct deficiencies in his claims from the original and first amended complaint.

Leave to amend a pleading should be freely given "when justice so requires." *See* Fed. R. Civ. P. 15(a)(2). The decision on whether to allow the amendment is within the discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Reasons for denying a motion to amend include "undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." *Id.* at 182.

As indicated, this case is at an early stage. Granting the plaintiff's motion will not prejudice the defendants or unduly delay the case. Thus, the Court will grant the plaintiff additional time to file a second amended complaint. The plaintiff is advised that he must comply with the following directives in filing the amended pleading.

As an initial matter, the plaintiff should only bring claims that are not barred by *Heck*. The plaintiff must prevail on a federal habeas action under 28 U.S.C. § 2254 before

8

he may pursue such claims under 42 U.S.C. § 1983. Next, the plaintiff must use the enclosed civil complaint form to file his second amended complaint. He should follow the directions set forth in the form complaint. The plaintiff should limit his second amended complaint to the space provided in the form but if he must exceed the space proivded, he may only exceed it by five single-sided pages. In addition to the form complaint, the plaintiff will be mailed a pro se guide: Answers to Prisoner Litigants' Common Questions.

The plaintiff should file his second amended complaint curing the deficiencies in the amended complaint as described herein. Such second amended complaint must be filed on or before **December 13, 2013**. Failure to timely file a second amended complaint may result in dismissal of this action.

The plaintiff is advised that the second amended complaint must bear the docket number assigned to this case and must be labeled "Second Amended Complaint." The second amended complaint supersedes the prior amended complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056-57 (7th Cir. 1998). If a second amended complaint is received, it will be screened pursuant to 28 U.S.C. § 1915A.

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (Docket #2) be and hereby is **granted**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to reverse court's order to seal (Docket #10) be and hereby is **granted.**

9

**IT IS FURTHER ORDERED** that the court's order of June 18, 2013, sealing portions of the complaint, amended complaint, and exhibits is **vacated**. The filings shall be unsealed and made a part of the public record.

**IT IS FURTHER ORDERED** that the plaintiff's motion to file a second amended complaint (Docket #16) is **granted**.

**IT IS FURTHER ORDERED** that on or before **December 13, 2013**, the plaintiff shall file an second amended pleading curing the defects in the amended complaint as described herein.

**IT IS FURTHER ORDERED** that the Clerk's Office mail the plaintiff a prisoner civil complaint form and a pro se guide: Answers to Prisoner Litigants' Common Questions.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prisoner trust account the $284.31 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney

10

General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Program, the plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is in effect at Green Bay Correctional Institution and Waupun Correctional Institution and, therefore, if the plaintiff is no longer incarcerated at either institution, he will be required to submit all correspondence and legal material to:

>Honorable Rudolph T. Randa
>% Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

Dated at Milwaukee, Wisconsin, this 18th day of November, 2013.

>**SO ORDERED,**
>
>*/s/ Rudolph T. Randa*
>**HON. RUDOLPH T. RANDA**
>**U. S. District Judge**