# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

LAMON LAMAR BARNES,

          Plaintiff,

-vs-                                      Case No. 13-CV-607

BROWN COUNTY,
BROWN COUNTY DRUG TASK FORCE,
DAVE POTEAT, JEFF LADE,
ZAK HOSCHBACH, MARK HACKETT,
JOHN LAUX, GUY SHEPARDSON,
INVESTIGATOR DERNBACH,
JOHN AND JANE DOES 1-5,
VILLAGE OF ASHWAUBENON,
CITY OF GREEN BAY, and JUJUAN JONES,

          Defendants.

## SCREENING ORDER

        This matter is before the Court to screen the amended complaint. The plaintiff filed a motion to amend the complaint along with a proposed amended complaint on December 6, 2013. He also filed a motion to amend the complaint along with a proposed amended complaint on March 5, 2014. The Court will screen the later filed amended complaint and deny as moot the earlier motion.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised

claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true,

"that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Complaint Allegations

The plaintiff alleges that on January 11, 2011, he was arrested by the Brown County Drug Task Force (DTF) and charged with six counts of delivering cocaine as part of an ongoing investigation. He was convicted of the charges following a jury trial. The plaintiff challenges multiple aspects of the criminal investigation. He alleges:

> Brown County, DTF and participating municipalities Green Bay City and Ashwaubenon Village through their law enforcement officials acting in their DTF capacity utilized an unconstitutional custom, policy and/or practice to withhold exculpatory evidence contained in unofficial files from persons convicted in Brown County Circuit Court (hereinafter BCCC) of drug trafficking crimes that involved a confidential informant (hereinafter CI). The withholding of exculpatory evidence has harmed me and those similarly situated like me by depriving us of our rights under the Fifth and Fourteenth Amendments and our right to a fair trial under the sixth and Fourteenth Amendments to the U.S. Constitution. This and the following causes of action focuses solely on 'past harm' and there is no claim that the above or below defendants alleged customs, policies, practices and/or actions continue to impose harm upon me and those similarly situated.
>
> The second cause of action is focused on DTF officials fabrication of evidence that was not essential to my conviction, but done in effort to establish probable cause and also separately obtain a conviction which deprived me of my due process rights under the Fourteenth Amendment to the United States Constitution.
>
> The third cause of action is that Brown County, DTF, and participating municipalities through their law enforcement officials acting in their DTF capacity utilized an unconstitutional custom, policy and/or practice for receiving and resolving complaints made by citizens about the misconduct of DTF investigators which did not allow citizens to take good faith

> participation in any complaint procedure which deprived me of
> my due process rights under the Fourteenth Amendment to the
> U.S. Constitution.
>
> The fourth cause of action is that Brown County, DTF,
> and participating municipalities through their law enforcement
> officials acting in their DTF capacity utilized an unconstitutional
> custom, policy and/or practice not to strip search CI's which
> denied DTF suspects of corroboration specifically in situations
> when indications were present a CI is unreliable/compromised
> and entered or exited a controlled transaction with manufactured
> evidence.

(Compl. at 9-10.) The plaintiff claims that the defendants' actions deprived him of due process under the United States Constitution, amounted to negligence under Wisconsin state law, and violated Wis. Stat. § 66.0511. He seeks declaratory relief, injunctive relief, and monetary damages.

Here, it appears that most of the plaintiff's claims would necessarily imply the invalidity of his sentence and, as such, the claims would be barred by the "favorable termination requirement" rule of *Heck v. Humphrey*, 512 U.S. 477 (1994). Under the rule,

> a § 1983 suit for damages that would necessarily imply the
> invalidity of the fact of an inmate's conviction, or necessarily
> imply the invalidity of the length of an inmate's sentence, is not
> cognizable under § 1983 unless and until the inmate obtains
> favorable termination of a state, or federal habeas, challenge to
> his conviction or sentence.

*Nelson v. Campbell*, 541 U.S. 637, 646 (2004) (quoting *Heck*, 512 U.S. at 487). However, at this stage, it is not entirely clear that the plaintiff's claims are *Heck*-barred. Thus, he may proceed on his due process claims. In addition, the Court will exercise supplemental

5

jurisdiction over the plaintiff's state law claims. *See* 28 U.S.C. § 1367(a).

## Additional Matters

The plaintiff has filed a motion for a temporary restraining order and preliminary injunction to preserve the existing "unofficial files (all files, documents, and digital evidence collected for DTF investigation 10-269)" so that he may proceed with post-conviction remedies as well as attempt under § 1983 to obtain relief. To obtain preliminary injunctive relief, whether through a TRO or preliminary injunction, the plaintiff must show that (1) his underlying case has some likelihood of success on the merits, (2) no adequate remedy at law exists, and (3) he will suffer irreparable harm without the injunction. *Wood v. Buss*, 496 F.3d 620, 622 (7th Cir. 2007). If those three factors are shown, the Court must then balance the harm to each party and to the public interest from granting or denying the injunction. *Id.*; *Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013); *Cooper v. Salazar*, 196 F.3d 809, 813 (7th Cir. 1999).

Here, the plaintiff asserts that he needs the unofficial files to successfully litigate this case as well as to proceed with post-conviction remedies in his criminal case. However, there is no indication as to the potential for destruction of these files. In addition, it is not clear whether his criminal trial counsel sought to obtain the files. Finally, the plaintiff has not demonstrated a reasonable likelihood of success on the merits at this stage of the proceedings. For these reasons, the motion will be denied.

The plaintiff has filed a motion to appoint counsel. He asserts that the Court

should appoint counsel because the case is complex and because he seeks to bring a class action and cannot do so without counsel.

The court has discretion to recruit counsel to represent a litigant who is unable to afford one in a civil case. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. § 1915(e)(1); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013). As a threshold matter, litigants must make a reasonable attempt to secure private counsel on their own. *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007). If the plaintiff makes a reasonable attempt to secure counsel, the court must examine "whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 781 F.3d at 696 (citing *Pruitt*, 503 F.3d at 655). This inquiry focuses not only the plaintiff's ability to try his case, but also includes other "tasks that normally attend litigation" such as "evidence gathering" and "preparing and responding to motions." *Id.*

In this case, the plaintiff has provided evidence that he has attempted to obtain legal counsel on his own. However, the issues in this case appear at this stage to be straightforward because, as set forth herein, the Court will not certify a class action. In addition, some or all of the plaintiff's claims may be *Heck*-barred. Moreover, the plaintiff's filings indicate that he is capable of litigating this case himself. Therefore, at this time, the Court does not believe that the presence of counsel is likely to make a difference in the outcome of this case. Accordingly, the plaintiff's request for appointment of counsel will be

7

denied.

The plaintiff has filed a motion for class action certification. He asserts that his fabrication of evidence claim is not presented for consideration for class action but requests certification based on the following three claims:

> (1) The plaintiff alleges that the defendants' police record keeping and disclosure custom, policy and/or practice deprived him and those similarly situated (persons convicted of felonies after trial or plea of guilty in Brown County and sentenced to probation or imprisonment in the custody of the Wisconsin Department of Corrections that were investigated by the Drug Task Force and a confidential informant was utilized to obtain evidence, specifically drugs) of their due process rights under the Fifth and Fourteenth Amendments and their right to a fair trial under the Sixth and Fourteenth Amendments to the United States Constitution.
>
> (2) The plaintiff alleges that the defendants did not provide a specific custom, policy and/or practice for processing and resolving complaints by any person regarding the misconduct of DTF and/or Law Enforcement officials in their DTF capacity. This deprived him and those similarly situated (persons who had the desire to pursue through good faith participation in any complaint procedure relief and have their complaint aggressively, honestly and properly investigated) of due process rights under the Fourteenth Amendment to the United States Constitution.
>
> (3) The plaintiff alleges that the defendants' policy not to strip search confidential informants denied him and those similarly situated (persons convicted of felonies after trial or guilty plea in Brown County and sentenced to probation or imprisonment in the custody of the Wisconsin Department of Corrections that were investigated by the DTF and a confidential informant was utilized to obtain evidence and further indications were present the confidential informant was unreliable/comprised and entered or exited a controlled transaction with contraband to

> manufacture evidence to be used against a DTF suspect) due
> process rights under the Fourteenth Amendment to the United
> States.

(Pl.'s Mot. for Class Action Cert. at 2-3.)

A plaintiff can sue as a representative of or on behalf of parties only if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). The plaintiff asserts that the classes are so numerous that joinder of all class members is impracticable. According to the plaintiff, the number of persons affected by the defendants' policies "far exceeds 40" in each category. However, he neglects to provide any specific information about the potential number and identities of possible class members. The party supporting the class cannot rely on "mere speculation" or "conclusory allegations" as to the size of the putative class to prove that joinder is impractical for numerosity purposes. *Arreola v. Godinez*, 546 F.3d 788, 797 (7th Cir. 2008) (citing *Roe v. Town of Highland*, 909 F.2d 1097, 1100 n.4 (7th Cir. 1990)). Thus, the plaintiff has not satisfied the numerosity requirement.

In addition, it is well settled that, as a pro se litigant, the plaintiff is not qualified to act as a representative and therefore he cannot meet the fourth prong. *See Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (holding that it was plain error to permit an inmate proceeding pro se to represent fellow inmates in a class action). As a

9

non-lawyer, the plaintiff may not represent anyone other than himself. *See* 28 U.S.C. § 1654; *Lewis v. Lenc–Smith Mfg. Co.*, 784 F.2d 829, 830 (7th Cir. 1986) (per curiam) ("[I]t is clear that an individual may appear in the federal courts only pro se or through counsel.") (citations omitted).

## ORDER

**IT IS THEREFORE ORDERED** that the plaintiff's motion to amend the complaint (Docket # 19) is **denied as moot**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for temporary restraining order/preliminary injunction (Docket # 23) is **denied**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to appoint counsel (Docket # 26) is **denied**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for class action certification (Docket # 29) is **denied**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to amend/correct complaint (Docket # 34) is **granted**. The proposed amended complaint is the operative complaint in this action.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the amended complaint and this order upon the defendants pursuant to Federal Rule of Civil Procedure 4. The plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current

fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

**IT IS ALSO ORDERED** that the defendants shall file a responsive pleading to the amended complaint.

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Program, the plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is in effect at Green Bay Correctional Institution and Waupun Correctional Institution and, therefore, if the plaintiff is no longer incarcerated at either institution, he will be required to submit all correspondence and legal material to:

> Honorable Rudolph T. Randa
> % Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or

other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 25th day of April, 2014.

**SO ORDERED,**

**HON. RUDOLPH T. RANDA**
**U. S. District Judge**