# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

LAMON LAMAR BARNES,

    Plaintiff,

  -vs-            Case No. 13-CV-607

BROWN COUNTY, BROWN COUNTY DRUG TASK FORCE,
DAVE POTEAT, JEFF LADE,
ZAK HOSCHBACH, MARK HACKETT,
JOHN LAUX, GUY SHEPARDSON,
INVESTIGATOR DERNBACH, JOHN AND JANE DOES 1-5,
VILLAGE OF ASHWAUBENON, CITY OF GREEN BAY,
JUJUAN JONES, and JANE AND JOHN DOES 1-3,

    Defendants.

# DECISION AND ORDER

  On April 25, 2014, the Court screened the amended complaint pursuant to 28 U.S.C. § 1915A, denied the plaintiff's motion for appointment of counsel, denied his request for class certification, and denied his motion for a temporary restraining order/preliminary injunction. The plaintiff has filed a motion for reconsideration and to clarify the Court's order. He has also filed a motion for express ruling concerning discovery, a motion for leave to file default judgment or contempt orders, and a motion for order to use his release account to pay the remainder of the filing fee. All of these applications will be addressed herein.

<u>Motion for Reconsideration</u>

  The plaintiff contends that the Court erred when it denied his motion to appoint

counsel, to certify a class action, and his request for a temporary restraining order/preliminary injunction. According to the plaintiff, the Court used too broad of language in denying his motions. He also seeks clarification of the Court's order to the extent it stated that, although "not entirely clear," his claims may be *Heck*-barred.

The plaintiff's claims stem from the criminal investigation following his January 11, 2011, arrest and subsequent charges of six counts of delivering cocaine. Upon screening the complaint, the Court stated that while it appeared that most of plaintiff's claims were *Heck*-barred because they may necessarily imply the invalidity of his sentence, it was not entirely clear that they were *Heck*-barred. (Court's Order of April 25, 2014, at 5.) In support of his motion for clarification, the plaintiff contends that his claims are not *Heck*-barred and that the issue of whether the police fabricated evidence leading to his conviction is not a collateral attack on his conviction but rather is a proper claim under 42 U.S.C. § 1983. The plaintiff also contends that his remaining claims are clearly not *Heck*-barred. He asserts that he knows that if he attacks the fact or duration of his confinement he will need to litigate his claims in Wisconsin state court before seeking federal habeas corpus relief.

The plaintiff is advised that no determination has been made as to whether any of his claims are *Heck*-barred. This case is at an early stage and the Court will not make that determination at this time. The defendants, most of whom have recently answered the complaint, have not raised the issue. Accordingly, the Court will not provide additional

2

clarification at this time as to whether any of the plaintiff's claims may be *Heck*-barred.

The plaintiff also challenges the Court's denial of his request for a temporary restraining order/preliminary injunction to preserve the existing "unofficial files (all files, documents, and digital evidence collected for DTF investigation 10-269)" so that he may proceed with post-conviction remedies as well as attempt under 42 U.S.C. § 1983 to obtain relief. (Court's Order of April 25, 2014, at 6.) The Court denied the motion because there was no indication as to the potential for the destruction of the files, it was not clear whether the plaintiff's criminal trial counsel sought to obtain the files, and the plaintiff had not demonstrated a reasonable likelihood of success on the merits. In support of his motion for reconsideration, the plaintiff asserts that his criminal defense counsel did unsuccessfully attempt to obtain the files. He further asserts that failure to preserve the files will result in irreparable harm. However, the plaintiff has not addressed whether there is any potential for destruction of the files or the reasonable likelihood of success on the merits. Based on these factors, the Court will not revise its order denying the plaintiff's motion for a temporary restraining order/preliminary injunction. The Court notes that a Scheduling Order will be issued promptly and the plaintiff may then seek discovery from the defendants.

Additionally, the plaintiff seeks reconsideration of the denial of his request for counsel. He asserts that, contrary to the Court's order, his claim is not straightforward and that, despite his best efforts to clarify his claims, the Court found that it was "not entirely clear" whether the claims were *Heck*-barred.

3

The Court denied the plaintiff's motion to appoint counsel because his case is straightforward and because his filings indicate that he is capable of litigating the case himself. The Court also stated that, based on these factors, the presence of counsel would not make a difference in the outcome of the case. The determination of the likelihood that the presence of counsel would make a difference in the outcome of the case is for appellate review and not for consideration by the district court. *See Bracey v. Grondin*, 712 F.3d 1012, 1016 (7th Cir. 2012). Therefore, the Court will consider the plaintiff's motion to appoint counsel anew.

The Court has discretion to recruit counsel to represent a litigant who is unable to afford one in a civil case. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. § 1915(e)(1); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013). As a threshold matter, litigants must make a reasonable attempt to secure private counsel on their own. *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007). If the plaintiff makes a reasonable attempt to secure counsel, the court must examine "whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 781 F.3d at 696 (citing *Pruitt*, 503 F.3d at 655). This inquiry focuses not only the plaintiff's ability to try his case, but also includes other "tasks that normally attend litigation" such as "evidence gathering" and "preparing and responding to motions." *Id.*

The plaintiff has satisfied the threshold requirement of trying to find an

4

attorney on his own. However, his filings in this case demonstrate that he is capable of proceeding on his own. Specifically, the plaintiff's filings reveal that he possesses a very good knowledge of the legal issues in this case and of the law in general. It is evident that, given the nature of the plaintiff's claims, he is capable of conducting pre-trial discovery and engaging in motion practice. Therefore, his motion for appointment of counsel will be denied.

Finally, the plaintiff challenges the Court's denial of his motion to certify this case as a class action. The Court denied the motion because the plaintiff neglected to provide any specific information about the potential number and identities of possible class members and because, as a pro se litigant, he is not qualified to act as class representative. In support of his motion for reconsideration, the plaintiff contends that the class is defined, i.e., "those similarly situated that were convicted of felonies after trial or plea of guilty in Brown County and sentenced to probation or imprisonment in the custody of the Wisconsin Department of Corrections for drug trafficking when a confidential information was used." (Mot. for Recon. at 7.) Even if the plaintiff's assertion satisfied the numerosity issue, the plaintiff is still proceeding pro se and he may not, therefore, serve as class representative. Thus, his motion for reconsideration will be denied.

Remaining Motions

The plaintiff has filed a motion for express ruling concerning discovery. He asserts that he anticipates resistance from the defendants during discovery due to the sensitive

5

nature of his claims and seeks a ruling outlining what information would be considered privileged. The plaintiff's motion is premature because discovery has not yet commenced in this case. As stated earlier, the Court will issue a Scheduling Order promptly which will set the deadline for discovery. The plaintiff is advised that the Court only becomes involved in the discovery process if a party fails to respond to interrogatories or requests for production of documents. Then the other party may file a motion to compel discovery with the Court, but only after conferring or attempting to confer with the party failing to make disclosure or discovery in an effort to obtain it without court action. Such an attempt to resolve discovery disputes between parties is required before filing a motion to compel discovery. The motion should describe these efforts. *See* Fed. R. Civ. P 37(a); Civil L. R. 37 (E.D. Wis.).

The plaintiff has also filed a motion for default judgment or contempt against any defendant who fails to answer the complaint, namely, defendants JuJuan Jones, Village of Ashwaubenon, and Jeff Lade. Since the plaintiff filed his motion, defendants Village of Ashwaubenon and Lade have filed their answers. Defendant Jones, on the other hand, has not been served. On June 6, 2014, a summons was issued as to defendant Jones and it has not been returned yet. Therefore, Court action would be premature and the plaintiff's motion will be denied.

Lastly, the plaintiff has filed a motion for a court order to pay the remainder of the filing fee from his release account so that he may use his regular account to effectively

6

prosecute this case. The Prison Litigation Reform Act requires the Court to collect the filing fee from a "prisoner's account." 28 U.S.C. § 1915(b). The term "prisoner's account" encompasses both a prisoner's release account and general account. *Spence v. McCaughtry*, 46 F. Supp. 2d 861, 862 (E.D. Wis. 1999). However, "given the purpose of the release account to provide funds to the prisoner upon his or her release from incarceration, the court does not deem it prudent to routinely focus on the release account as the initial source of funds to satisfy the filing fee payment requirements of the PLRA." *Smith v. Huibregtse*, 151 F. Supp. 2d 1040 (E.D. Wis. 2001). Nevertheless, upon request, the Court will allow a plaintiff to pay a filing fee out of his release account. *Doty v. Doyle*, 182 F. Supp. 2d 750, 752 (E.D. Wis. 2002). The plaintiff's desire to have the remainder of the filing fee ($38.79) deducted from his release account is clear. Therefore, his motion will be granted.

**IT IS THEREFORE ORDERED** that the plaintiff's motion for reconsideration and to clarify (Docket # 37) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for express ruling concerning discovery (Docket # 60) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for leave to file (Docket # 63) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff motion for order to use release account (Docket # 80) is **GRANTED**.

**IT IS FURTHER ORDERED** that, upon request of the plaintiff, the warden

at the correctional institution where the plaintiff is incarcerated shall withdraw $38.79 from the plaintiff's release account and forward that sum to the Clerk of this Court as the plaintiff's payment of the remainder of the filing fee in this action. Such payment is to be made within twenty-one days of the date of this order.

**IT IS ALSO ORDERED** that a copy of this order be sent to the warden at Fox Lake Correctional Institution.

Dated at Milwaukee, Wisconsin, this 7th day of August, 2014.

**SO ORDERED,**

*/s/ Rudolph T. Randa*
**HON. RUDOLPH T. RANDA**
**U. S. District Judge**