# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

LAMON LAMAR BARNES,

          Plaintiff,

-vs-                                                      Case No. 13-CV-607

BROWN COUNTY, et al.,

          Defendants.

## DECISION AND ORDER

The plaintiff has filed a renewed motion to appoint counsel (ECF No. 94). He asserts that he needs an attorney to take necessary depositions and that he is encountering multiple obstacles in discovery due to the defendants' resistance. The plaintiff further asserts that his lack of legal experience puts him at a disadvantage in countering the defendants' discovery tactics. The Brown County defendants contend that the Court should deny the plaintiff's motion because they have responded to his discovery requests. They set forth the following description and time line regarding their responses to the plaintiff's discovery requests:

> Plaintiff correctly notes that on October 6, 2014, defense counsel wrote to plaintiff stating that responses to his August 25, 2014 requests for production and his September 4, 2014 interrogatories and requests for production were forthcoming. Plaintiff served the County Defendants with a total of 48 discovery requests. (Aff. of Mills, ¶ 2).

> On October 21, 2014, the day prior to plaintiff's filing of the present motion, the County Defendants sent plaintiff responses to the August 25, 2014 requests. (Aff. of Mills, ¶ 3). On October 28, 2014, the County Defendants sent plaintiff responses to the September 4, 2014 requests. (Aff. of Mills, ¶ 4). While the County Defendants recognize that their responses were sent beyond the 30-day deadline, the volume of information requested by plaintiff necessitated additional time to respond. (Aff. of Mills, ¶ 5). The County Defendants needed to review all materials produced for any sensitive information to be redacted. (*Id.*). Further, because plaintiff named Brown County, Brown County Drug Task Force, and five individuals, multiple people needed to provide responsive information and review the responses for accuracy. (*Id.*).
>
> To the extent that plaintiff relies on an assumption that the County Defendants would not respond to discovery requests or the unsupported allegation that "some government officials rarely relinquish important records," plaintiff's Motion is now moot and should be denied. Plaintiff has not indicated that he is entitled to additional information that he did not receive, nor has he taken issue with any of the County Defendants' discovery objections. In the event that plaintiff has any concerns with the information produced, the proper recourse is a motion to compel discovery pursuant to Fed.R.Civ.P. 37, not a motion to appoint counsel.

(County Defs.' Resp. Br., ECF No. 96, at 2.)

As an initial matter, the plaintiff has satisfied the threshold requirement of trying to find an attorney on his own. However, the plaintiff's filings in this case reveal that he is capable of proceeding on his own at this time. He has engaged in extensive discovery and, as set forth below, will be granted additional time to complete discovery. The plaintiff's filings also reveal that he has a firm grasp of the procedural and legal issues involved in this case such that he can engage in discovery as well as file and/or respond to a dispositive

2

motion.  Accordingly, his renewed request for counsel will be denied.

Next, the plaintiff has filed a "Motion for Continuance of Discovery, Extension of Summary Judgment Dispositive Motion Deadline, Extension to Reply to Dispositive Motion, Request to Exceed 25 Interrogatories and Propound Interrogatories" (ECF No. 97) and a supplement to the motion (ECF No. 100).  He asserts that the defendants have acted in bad faith and hindered his efforts to conduct discovery by providing incomplete, inaccurate, altered, fabricated and/or no response to the plaintiff's document requests.  The plaintiff seeks additional time to complete discovery based on the defendants' actions.  According to the plaintiff, he is unable to oppose summary judgment given his inability to complete discovery.

The defendants contend that no additional time is needed.  However, under the circumstances, the Court will permit the *pro se* plaintiff additional time.  The deadlines for his response to the defendants' motion for summary judgment and for filing his own summary judgment motion will likewise be extended.  Finally, with respect to the plaintiff's request for additional interrogatories, there is no indication that he has sought agreement with the defendants on this issue.  *See* Civil L.R. 33(a)(3) (E.D. Wis.).[1]

---

[1] Civil Local Rule 33(a)(3) states:

(3) More than 25 interrogatories may be served on a party only if that party agrees in writing or the Court so orders.  A party seeking to serve more than 25 interrogatories may move the Court for permission only after seeking the agreement of the party on whom the additional interrogatories would be served.  If a party desires to serve additional interrogatories, the party must promptly consult with the party to whom the additional interrogatories would be propounded and attempt to reach a written stipulation as to a reasonable number of additional interrogatories.  The stipulation allowing additional interrogatories to be served should not be filed with the Court except in connection with a motion to compel answers.  If a stipulation cannot be reached, the party seeking to serve additional

3

The plaintiff has filed a request to include Docket Numbers 32, Exhibits 13 and 13a, as attachments to the amended complaint (ECF No. 102). This request will be granted.

The plaintiff has filed a "Motion to Compel Discovery, Request for Expenses Incurred and for Sanctions" (ECF No. 104). By this motion, the plaintiff contends that the Brown County defendants failed to fully respond to the interrogatories and requests for production of documents attached to his supporting brief as Exhibit 40. Exhibit 40 is the Brown County defendants' response to the plaintiff's interrogatories and request for production of documents. The first request for production of documents was made in a document dated August 18, 2014, and filed with the court on August 25, 2014 (ECF No. 85). An additional discovery request, consisting of interrogatories and request for production of documents, was made in a document dated August 23, 2014, and filed with the court on September 4, 2014 (ECF No. 86). In a letter to counsel for the Brown County defendants filed on October 3, 2014 (ECF No. 91), the plaintiff advised that the Brown County defendants had not timely responded to the first production of documents request and that their response to the second discovery request was due soon. Counsel responded on October 6, 2014, that their responses would be submitted by October 17, 2014. (ECF No. 104, Exh. 29.) On October 22, 2014, the plaintiff submitted a letter to counsel for all defendants regarding his dissatisfaction with the discovery and noting the Brown County defendants' failure to timely respond (ECF No. 93.) On October 23, 2014, the Brown County defendants

---

interrogatories may move the Court for permission to serve additional interrogatories.

responded to the plaintiff's August 25, 2014, request for production of documents and on October 28, 2014, they responded to his September 4, 2014, request for interrogatories and production of documents. The plaintiff seeks an order compelling the Brown County defendants to fully and completely answer the interrogatories and provide the information asked for in the production of documents request.

In response, the Brown County defendants contend that the motion should be denied because the plaintiff failed to comply with Civil Local Rule 37 by conferring or attempting to confer with them prior to seeking court intervention. Although the plaintiff submitted a letter regarding their failure to timely respond, the defendants assert that the plaintiff has never made any attempt to discuss the substance of their responses or objections.

Under Federal Rule of Civil Procedure 37, a party is permitted to file a motion to compel discovery where another party fails to respond to interrogatories or requests for production of documents. See Fed. R. Civ. P. 37(a)(3)(B)(iii) and (iv). The movant "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Additionally, Civil Local Rule 37 requires the movant to "recite the date and time of the conference or conferences and the names of all parties participating in the conference or conferences." A motion to compel discovery pursuant to Rule 37(a) is addressed to the sound discretion of the trial court. *EEOC v. Klockner H & K Machines, Inc.*, 168 F.R.D. 233, 235 (E.D. Wis. 1996) (citation omitted).

The record reveals that while the plaintiff sent letters to the Brown County defendants regarding their failure to timely respond, he did not attempt to consult with them regarding the substance of their discovery responses. The plaintiff must attempt to resolve his discovery issue with the Brown County defendants before filing a motion to compel. He may do this via written correspondence. The plaintiff's motion to compel is premature. Thus, his motion to compel, for expenses, and for sanctions will be denied.

The defendants filed a joint motion for summary judgment on December 8, 2014. Along with their motion, they filed a motion for leave to file proposed findings of fact in excess of the number proscribed by Civil Local Rule 56(b)(1)(C)(ii) (ECF No. 142). The defendants are represented by three separate counsel and their joint motion for summary judgment includes 233 proposed findings of fact. This motion is reasonable and will be granted. *See* Civil L.R. 56(b)(7) (E.D. Wis.).

The plaintiff has filed a "Motion for Sanctions, Assessment of Expenses and/or Expenses Incurred due to Defendants' Submission of Affidavits and/or Declaration in Bad Faith by Means of False Swearing" (ECF No. 136). He asserts that counsel for the defendants submitted an affidavit in bad faith by means of false swearing to deceive and delay the court and the plaintiff. The Court will await the defendants' response before ruling on this motion.

**IT IS THEREFORE ORDERED** that the plaintiffs' motion to appoint counsel (Docket # 94) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for continuance of discovery (Docket # 97) is **GRANTED**. The deadline for the completion of discovery is extended to **February 27, 2015**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for extension of time re summary judgment deadline (Docket # 97) is **GRANTED**. The plaintiff's deadline for filing a dispositive motion is extended to **March 30, 2015**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for extension of time to reply to dispositive motion (Docket # 97) is **GRANTED**. The plaintiff's response to the defendants' motion for summary judgment is due **March 30, 2015**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for leave to exceed 25 interrogatories and expound interrogatories (Docket # 97) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for leave to file (Docket # 102) is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to compel discovery (Docket # 104) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for expenses incurred (Docket # 104) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for sanctions (Docket # 104) IS **DENIED**.

**IT IS FURTHER ORDERED** that the defendants' motion for leave to file

proposed findings of fact in excess of the number proscribed by Civil Local Rule 56(b)(1)(C)(ii) (Docket # 142) is **GRANTED**.

Dated at Milwaukee, Wisconsin, this 31st day of December, 2014.

**SO ORDERED,**

_/s/ Rudolph T. Randa_
**HON. RUDOLPH T. RANDA**
**U. S. District Judge**