UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**LAMON LAMAR BARNES,**

        Plaintiff,

    -vs-                                                  Case No. 13-CV-607

**BROWN COUNTY,**
**BROWN COUNTY DRUG TASK FORCE,**
**DAVE POTEAT,**
**JEFF LADE,**
**ZAK HOSCHBACH,**
**MARK HACKETT,**
**JOHN LAUX,**
**GUY SHEPARDSON,**
**INVESTIGATOR DERNBACH,**
**VILLAGE OF ASHWAUBENON,**
**CITY OF GREEN BAY,**
**JUJUAN JONES, and**
**JANE AND JOHN DOES 1-3,**

        Defendants.

# DECISION AND ORDER

The plaintiff has filed a "motion for sanctions, assessment of expenses and/or expenses incurred due to defendants' submission of affidavits and/or declaration in bad faith by means of false swearing" pursuant to Federal Rules of Civil Procedure 37(b) and 56(h) (ECF No. 136). By this motion, the plaintiff challenges the Brown County defendants' reason for needing more than thirty days to provide accurate responses to two of the plaintiff's discovery requests. According to the plaintiff, all of the information he

requested in his August 25, 2014, request for production of documents, and September 4, 2014, interrogatories and second document request, was readily accessible and could have been provided in one day. The plaintiff asserts, therefore, that the Brown County defendants' justification for needing additional time was false.

Next, the plaintiff states that counsel for the Brown County defendants, Attorney Sara Mills, falsely stated that she supplemented the defendants' discovery response as newly discovered evidence became available. According to the plaintiff, Attorney Mills's statement was false because the Brown County defendants already had the information when they submitted their initial disclosures to him. The plaintiff questions the timing of the Brown County defendants' supplementation of their discovery response and suggests that they may have supplemented their responses in response to the plaintiff's motion to compel discovery. He also contends that the Brown County defendants knowingly falsely stated that they provided him with Mr. Jones's entire informant file. Lastly, the plaintiff charges that the audio and video discovery the Brown County defendants provided to him was incomplete.

In response, the Brown County defendants first contend that the plaintiff erroneously relies on Fed. R. Civ. P. 56(h) as a basis for his motion. The defendants are correct – Rule 56(h) applies to summary judgment

materials and the plaintiff's motion challenges discovery responses. The Brown County defendants also contend that the plaintiff cannot establish any valid basis upon which to impose sanctions. According to the defendants, the plaintiff's mere disagreement with statements made in the Brown County defendants' discovery responses is insufficient to establish that any of the Brown County defendants' actions, or the actions of their counsel, were fraudulent. Rather, they assert, these issues may be raised in a motion to compel discovery.

With regard to the plaintiff's objections to the timing of the defendants' discovery responses, the defendants acknowledge that they took more than thirty days to respond to the plaintiff's first two discovery requests. As indicated, the plaintiff challenges the Brown County defendants' reason for needing additional time, arguing that the documents were "readily available" and could have been provided in one day. The Brown County defendants' response provides the following explanation:

> Plaintiff asserts that the mere availability of the produced documents requires a finding that the County Defendants could have produced the documents within 30 days. Plaintiff asserts that 125 pages of documents provided by the County Defendants "are identical to the documents" that were produced in his criminal case, Brown County Circuit Court case number 11-CF-43. (Doc No 137, p. 7, ¶ 23). Regardless of the veracity of this statement, Plaintiff did not request a copy of the documents produced during discovery in his criminal case. Plaintiff requested documents related to DTF investigation 10-0269. Simply copying whatever documents were produced by the

> District Attorney in case number 11-CF-43 would not be responsive to the request.
>
> Likewise, Plaintiff complains that because several of the documents produced were departmental policies, the availability of these documents proves that the County Defendants could have responded to his discovery requests faster. (Doc. No. 137, p. 6, ¶ 20). While some of the documents that were ultimately produced were indeed accessible with relative ease, the process of responding completely and accurately to discovery requests does not simply end once documents have been located.
>
> Before responding, the County Defendants and their attorneys had to review the entirety of the investigative file created as a result of DTF investigation 10-0269. As extensively outlined in the County Defendants' brief in support of summary judgment, the file contained documentation related to six individual undercover transactions. (*See* Doc. No. 124). The County Defendants and their attorneys also had to review the entirety of Jujuan Jones' informant file and all DTF policies to determine whether they were responsive to Plaintiff's requests and not otherwise protected by privileges. Counsel for the County Defendants had to confirm that all information produced did not contain any reference to any active CIs or ongoing investigations. The County Defendants and their attorneys had to review all audiovisual recordings created as part of DTF investigation 10-0269 to ensure that they were responsive and that information disclosed in them was not related to any other ongoing investigations and/or did not identify other active CIs or individuals whose privacy is entitled to protection such as minors.

(ECF No. 145 at 4-5.) The plaintiff did not file a reply brief.

The Court may impose sanctions where a party fails to obey an order to provide or permit discovery. Fed. R. Civ. P. 37(b)(2)(A). Here, the defendants have not failed to obey a court order. Thus, the plaintiff is not entitled to sanctions. Any issues related to the substance of the Brown County

- 4 -

defendants' discovery responses may be raised in a motion to compel discovery (and, as discussed herein, the Court will provide the plaintiff with an opportunity to file a motion to compel).

Next, the plaintiff has filed a "motion for continuance, of discovery, continuance of summary judgment dispositive motion deadline and extension of time to reply to dispositive motion" (ECF No. 165). By this motion, the plaintiff takes issue with the defendants' discovery responses. He asserts that the defendants have altered records and that his motion "exposes a police record keeping system that allows the usage of a file system where police reports can be hidden and information can be suppress[ed]." (ECF No. 165 at 2.) According to the plaintiff, the defendants' discovery responses are incomplete and he seeks additional time so that he may file a motion to compel discovery. The plaintiff also requests additional time to respond to the defendants' December 8, 2014, joint motion for summary judgment and to file his own dispositive motion.

The Brown County defendants oppose the plaintiff's motion as untimely and unnecessary. The defendants' response set forth a helpful timeline of the recent discovery process in this case.

> Prior to the Court's December 31, 2014 decision extending discovery, Plaintiff had served the County Defendants with 23 Requests for Production and 25 Interrogatories. (See Doc. Nos. 85, 86). On January 12, 2015, Plaintiff served the County Defendants with 17 Requests for Production. (Doc. No. 148). On

- 5 -

> February 3, 2015, Plaintiff served the County Defendants with 148 Requests to Admit, 9 of which also contained Requests to Produce. (Doc. No. 154). On February 19, 2015, Plaintiff Served the County Defendants with 99 Requests to Admit, 14 of which contained Requests to Produce. (Doc. No. 157). On March 3, 2015, Plaintiff served the County Defendants with 15 Requests to Admit and 13 Requests to Produce. (Doc. No. 164). **Thus, in just over six months, Plaintiff has served the County Defendants with 340 discovery requests**. 292 of these requests were served since Plaintiff's first Motion for Continuance was granted. The County Defendants have responded to all requests other than those served after the close of discovery on March 3, 2015. Thus, the County Defendants have responded to 312 discovery requests.

(ECF No. 169 at 2) (emphasis in original).

The Brown County defendants contend that another time extension to the discovery and motion deadlines is unwarranted because the plaintiff failed to file his motion before the discovery deadline and because he has not shown excusable neglect for failing to comply with the discovery deadline. *See Brosted v. Unum Life Ins. Co. of Am.*, 421 F.3d 459, 464 (7th Cir. 2005); Fed. R. Civ. P. 6(b)(1)(B). They further contend that an additional time extension would subject them to the likelihood of hundreds of additional discovery requests from the plaintiff. According to the Brown County defendants, an extension of time is unsupportable, especially when the Court has already granted previous requests for extensions. The Brown County defendants also contend that the plaintiff's reasons for the delay and for his request for additional time are both meritless and insufficient to support his motion.

Lastly, the Brown County defendants contend that the plaintiff is not acting in good faith by the nature of some of his discovery requests which seek admissions based on evidence that they have already submitted and that is already on file with the Court.

The plaintiff filed a twenty-four page reply brief.[1] He reiterates that he does not seek leave for additional discovery but rather seeks a continuance to file a motion to compel discovery.

Here, the Brown County defendants' objections to the plaintiff's motion for the most part take issue with allowing him to conduct additional discovery. However, the plaintiff makes clear that he does not wish to conduct additional discovery but rather wants to file a motion to compel discovery. Previously, the Court denied the plaintiff's motion to compel discovery because the plaintiff had not attempted to resolve his issues with the defendants prior to filing the motion. (ECF No. 146.) The plaintiff should have an opportunity to file a motion to compel. Thus, the Court will permit him additional time to file a motion to compel. The Court will extend the deadlines for his summary judgment response and to file his own dispositive motion.

The plaintiff's motion also states that he still needs responses to his March 3, 2015, discovery request (the defendants did not provide responses to

---

[1] Along with his reply brief, the plaintiff filed a motion to file a lengthy reply brief. The Court will grant this motion.

- 7 -

that request because it was untimely). However, the Court will not extend the discovery deadline and require the defendants to respond to these requests because the plaintiff has not demonstrated good cause for filing the requests outside of the February 27, 2015, deadline. Thus, while the plaintiff may file a motion to compel discovery with regard to his timely discovery requests that the defendants already answered, the Court will not require the defendants to respond to the plaintiff's discovery request that was untimely.

Next, the plaintiff has filed motion for leave to utilize his release account for copies of specific materials to oppose the defendants' motion for summary judgment (ECF No. 172). While it is true that this Court has the authority to order disbursements from a prisoner's release account for payment of an initial partial filing fee, *see, e.g., Doty v. Doyle*, 182 F. Supp. 2d 750, 751 (E.D. Wis. 2002), this Court lacks the authority—statutory or otherwise—to order that a prisoner may tap into his release account to pay current (or future) litigation costs. *Cf. Wilson v. Anderson*, No. 14-CV-0798, 2014 WL 3671878, at \*3 (July 23, 2014).

Notwithstanding the foregoing, denying prisoners the use of their release accounts to fund litigation costs is also prudent given that those accounts are "restricted account[s] maintained by the [DOC] to be used upon the prisoner's release from custody." *Id.* Permitting a prisoner to invade that account for litigation costs could be a detriment that prisoner's likelihood of
- 8 -

success post-incarceration, *see* Wis. Adm. Code. § DOC 309.466 (stating that disbursements from a prisoner's release account are authorized "for purposes that will aid the inmate's reintegration into the community"). As the Seventh Circuit has instructed, "like any other civil litigant, [a prisoner] must decide which of [his] legal actions is important enough to fund," *Lindell v. McCallum*, 352 F.3d 1107, 1111 (7th Cir. 2003); thus, if a prisoner concludes that "the limitations on his funds prevent him from prosecuting [a] case with the full vigor he wishes to prosecute it, he is free to choose to dismiss it voluntarily and bring it at a later date." *Williams v. Berge*, No. 02-CV-10, 2002 WL 32350026, at \*8 (W.D. Wis. Apr. 30, 2002). He is not free, however, to tap into his release account to cover those legal costs. Accordingly, the plaintiff's motion will be denied.

Next, the Court notes that the plaintiff has not identified the John and Jane Does 1-3 defendants. The plaintiff must identify these defendants by June 15, 2015, or the Court will dismiss them.

Finally, defendant JuJuan Jones has not been served. The Court will direct the United States Marshals Service to make further attempts to serve him.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT** the plaintiff's motion for sanctions and for assessment of expenses (ECF No. 136) is **DENIED**.

- 9 -

Case 2:13-cv-00607-PP   Filed 06/05/15   Page 9 of 11   Document 180

**IT IS FURTHER ORDERED** that the plaintiff's motion for continuance of discovery (ECF No. 165) is **GRANTED in part** to the extent that he may file a motion to compel discovery by **June 22, 2015**, and **DENIED in part** to the extent that the plaintiff may not seek additional discovery and the defendants need not respond to the plaintiff's untimely discovery requests. The defendants' response to the plaintiff's motion to compel discovery is due by **July 1, 2015**, and the plaintiff may file a reply by **July 8, 2015**.

**IT IS FURTHER ORDERED** that the plaintiff's motions for continuance of summary judgment deadline and motion for extension of time to respond to defendants' motion for summary judgment (ECF No. 165) are **GRANTED**. The plaintiff's response to the defendants' motion for summary judgment is due by **July 29, 2015**, and he may file a dispositive motion on or before **July 29, 2015.**

**IT IS FURTHER ORDERED** that the plaintiff's motion for leave to utilize inmate release account (ECF No. 172) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for leave to file excess pages (ECF No. 176) is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall identify defendants John and Jane Doe 1-3 by **June 15, 2015**, or they will be dismissed.

**IT IS FURTHER ORDERED** that the United States Marshals Service shall make additional efforts to locate and serve defendant Jujuan Jones. The deadline for serving defendant Jones is extended until **July 6, 2015**. If the Marshals need additional time, they need only notify the Court.

Dated at Milwaukee, Wisconsin, this 5th day of June, 2015.

BY THE COURT:

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**