# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**LAMON LAMAR BARNES,**

    Plaintiff,

-vs-                        Case No. 13-CV-607

**BROWN COUNTY,**
**BROWN COUNTY DRUG TASK FORCE,**
**DAVE POTEAT,**
**JEFF LADE,**
**ZAK HOSCHBACH,**
**MARK HACKETT,**
**JOHN LAUX,**
**GUY SHEPARDSON,**
**INVESTIGATOR DERNBACH,**
**VILLAGE OF ASHWAUBENON,**
**CITY OF GREEN BAY,**
**JUJUAN JONES,**
**DTF INVESTIGATOR SCANLAN,**
**MARY LYNN YOUNG,**
**and BRAD BRODBECK,**

    Defendants.

## DECISION AND ORDER

The plaintiff has filed a motion to compel discovery in which he requests that the Court compel the defendants to fully answer and respond to interrogatories and requests for production of documents previously served on the defendants (ECF No. 186). In response, the Brown County defendants (Brown County, Brown County Drug Task Force, Dave Poteat, Mark Hackett, Guy Shepardson, Zak Hoschbach, Brad Brodbeck) contend that the Court

should deny the plaintiff's motion because they appropriately responded to each discovery request. The County defendants contend that the plaintiff's motion does not meet the substance of their objections to the requests and, instead of addressing why the objections are not proper, the plaintiff adds explanation as to why he needs the requested material and what he was actually requesting.

The plaintiff's motion to compel is fully briefed and, for the reasons explained herein, the Court will deny the motion. This order also sets deadlines for limited discovery as to the newly identified and served Doe defendants (DTF Investigator Scanlan, Brad Brodbeck, Mary Lynn Young), and for filing dispositive motions. Defendant JuJuan Jones has been served (ECF No. 210), but he did not answer the amended complaint.

### Plaintiff's Motion to Compel Discovery

The Court addresses each challenged discovery request below.

1. <u>ECF No. 85, Doc. Req. No. 2</u>

   **REQUEST NO. 1**: Any and all designated electronically stored information in Brown County's administrative "W-Drive" in its complete indexed form, depicting dates it was obtained in relation to and/or in connection with Brown County Drug Task Force (hereinafter DTF) investigation 10-269, including but not limited to: photographs, sound recordings, video recordings, images, and other data or data compilations stored in any medium from which information can be obtained. <u>Ingle v. Yelton</u>, 439 F.3d 191 (4th Cir. 2006).

> **RESPONSE**: Objection. This Request is impermissibly vague through the use of the phrases "any and all" and "Brown Counties' administrative 'W-Drive.'" Without waiving this objection and in an effort to be responsive, see attached **Exhibit A**, which includes all electronically stored information related to DTF investigation 10-269.

(ECF No. 196 at 2-3.)

In his motion to compel, the plaintiff contends that the DVD the defendants provided him in response to this request (Exhibit A, ECF No. 105-6), was faulty because numerous files did not open and because it contained only one digital file for DTF investigation 10-269-004 and there should be numerous files. The plaintiff also contends that the DVD did not contain the controlled transaction from October 21, 2010, or October 29, 2010.

In response, the defendants contend that the plaintiff's inability to play the files is not a basis for a motion to compel. They assert that they provided him with digital files in the same file format in which they were originally recorded, and each of the files can be opened and played using standard, widely available software. According to the defendants, they have produced all digital recordings created as part of DTF Investigation 10-269.

The defendants provided the plaintiff with a DVD containing all digital recordings created as part of the requested investigation. According to the defendants, they sent the plaintiff a second DVD on March 10, 2015, after reviewing the disc from their file and discovering that the digital files

- 3 -

pertaining to investigations 10-0269-001, 10-0269-002, 10-0269-003, and 10-0269-004 did not copy onto the disc saved for their file. (ECF No. 196 at 4.) The plaintiff asserts that the defendants' representation that they sent him a second disc is a "complete fabrication" and he avers that he never received the second disc. (ECF No. 209.) The defendants submitted the FedEx tracking information which shows that they submitted an overnight package to the plaintiff at Fox Lake Correctional Institution on March 10, 2015, that arrived there on March 11, 2015. (ECF No. 213-1.)

Because the defendants have provided the plaintiff with all of the digital files, there is nothing for the Court to compel the defendants to produce. Thus, the plaintiff's motion to compel as to this discovery request will be denied. However, the defendants did not have control over the handling of the second disc once it reached Fox Lake Correctional Institution. Thus, under the circumstances and because the plaintiff swears that he did not receive the second disc, the Court will direct the County defendants to send him the disc again.

2. ECF No. 85, Doc. Req. 2

> **REQUEST NO. 2**: Any and all designated documents by Brown County, DTF and/or any public employee created in relation to and/or in connection with DTF investigation 10-269 including but not limited to: investigative reports, surveillance reports, controlled buy reports, activity logs, graphs, charts, photographs, images, data or data compilations and/or memoranda not included in item 1 (one) of this request. Clark v. Township Falls,

- 4 -

> 124 F.R.D. 91 (E.D. Pa. 1988), <u>Hayden v. Maldonado</u>, 110 F.R.D. 154 (N.D. N.Y. 1986); <u>Segura v. City of Reno</u>, 116. F.R.D. 42 (D. Nev. 1987).
>
> **RESPONSE**: Objection. This Request is impermissibly vague through the use of the phrase "any and all." Without waiving this objection and in an effort to be responsive, see attached **Exhibit B**.

(ECF No. 196 at 5.)

The plaintiff contends that the defendants failed to provide him with case activity reports, surveillance reports, investigative fund receipts, and controlled buy reports for DTF investigation 10-269, case 10-269-004, dated October 21, 2010. The County defendants contend that they did not produce the requested materials for October 21, 2010, because none exist. According to the defendants, although there was an "operational plan" for a transaction or buy for October 21, 2010, it never went beyond the planning stage. The defendants assert that they cannot produce that which does not exist. "Simply put, there are not now, nor were there ever, any 'case activity reports, surveillance reports, Investigative fund receipts, and controlled buy reports for DTF investigation 10-269 case 10-269-004 dated October 21, 2010,' because <u>no controlled buy or controlled transaction occurred in DTF investigation 10-269 on October 21, 2010</u>." (ECF No. 196 at 9) (emphasis in original).

The Court finds that the defendants fully responded to this discovery request.

- 5 -

3. <u>ECF No. 85, Doc. Req. 3</u>

> **REQUEST NO. 3**: Any and all documents created as part of or in connection with JuJuan Bernard Jones (hereinafter Jones) informant file related to DTF investigation 10-269, that are not deemed personal information/data including but not limited to: activity log indexed, receipt for cash payments indexed, amounts of controlled buy money expended indexed, memorandums regarding informant conduct, cooperating individual agreement, informant statements, rules regarding informants and documentation of any representation made on Jones' behalf or nonmonetary consideration furnished for his use as an informant not included in items 1 and 2 of this request. <u>Rosee v. Board of Trade City of Chicago</u>, 36 F.R.D. 684 (N.D. IL 1965); <u>Carl Zeiss Stiftung v. V.E.B. Carl Zeiss, Jena</u>, 40 F.R.D. 318, 329 (D.C. 1966), aff 128 U.S. App. D.C. 10, 384 F. 2d 979 (1967); <u>Olson v. Camp</u>, 328 F. Supp. 728 (E.D. Mich 1970; <u>United States v. Reynolds</u>, 345 U.S.I (1953); <u>Brady v. Maryland</u>, 373 U.S. 83 (1963). <u>Boyd v. Gillet</u>, 64 F.R.D. 169 (D. MD 1974).
>
> **RESPONSE**: Objection. This Request is impermissibly vague through the use of the phrase "any and all." Without waiving this objection and in an effort to be responsive, see attached **Exhibit C**.

(ECF No. 196 at 10.)

In his motion to compel, the plaintiff contends that the defendants erroneously failed to provide him with investigative fund expense reports related to each controlled transaction that JuJuan Jones participated in. In response, the County defendants contend that the plaintiff mischaracterizes their response regarding the existence of investigative fund expense reports.

According to the County defendants, there is a difference between a controlled "buy" and a controlled "transaction." Specifically, a controlled

transaction is "any act that is conducted with a Confidential Information and/or Under Cover Officer to buy, sell, or pay for contraband" while a controlled buy is "[a] purchase of contraband by utilizing a Confidential Information and/or Under Cover Officer by using pre-recorded U.S. currency." (ECF No. 196 at 11.) The County defendants explain that a controlled transaction may not involve the use of U.S. currency, and therefore there may not be a corresponding investigative fund expense report for each controlled transaction JuJuan Jones participated in.

The plaintiff has not shown that the defendants failed to properly respond to his discovery request. Thus, the Court will deny the plaintiff's motion to compel as to this request.

4. ECF No. 85, Doc. Req. 8

> **REQUEST NO. 8**: Any log, or other indexed documentation by Brown County and/or its employees, DTF, and/or any municipality including the Brown County Sheriff's Department that lists and/or states the name of each DTF Investigator and/or Law Enforcement Official who participated in each controlled buy investigation targeting the plaintiff for DTF Investigation 10-269 including but not limited to, duty roster and personnel records that depict the hiring dates of said officers, if applicable. Their reason for termination or removal from position, training/education and grievance complaints filed against each officer since date of hire until present. Boyd v. Gollet, 64 F.R.D. 169 (D. MD 1974); Denver Policemen's Protective Asso v. Lichtenstein, 660 F.2d 432 (10th Cir. 1981); A'Antoni v. Roach, 1997, U.S. Dist. Lexis 16085, 1997 WL 627601 (E.D. LA 1997); Murphy v. Keller, 950 F.2d 290 (5th Cir. 1992); Ramirez v. County of Los Angeles, 231 F.R.D. 407 (C.D. Col. 2005); Martinez v. Cornell Correctional of Texas; 229 F.R.D. 215 (D. N.M. 2005);

Scaif v. Boenne, 191 F.R.D. 590 (N.D. IN 2006); Cox v. McCullan, 174 F.R.D.32 (W.D. N.Y. 1997).

**RESPONSE**: Objection. This Request would require these answering defendants to create a document not in existence. A document that does not exist is not within a party's possession, custody, or control and therefore this Request exceeds the scope of FRCP 34(a)(1). Further object on the basis that it is impermissibly vague and it seeks information that is not likely to lead to the discovery of admissible evidence pursuant to FRCP 26(b)(1) and FRCP 34(a) inasmuch as it requests the "duty roster and personnel records that depict the hiring dates of said officers." Further object that the Request is impermissibly vague and it appears to seek information that is not likely to lead to the discovery of admissible evidence pursuant to FRCP 26(b)(1) and FRCP 34(a) inasmuch as it contains a statement, not phrased as a request, "Their reason for termination or removal from position, training/education and grievance complaints filed against each officer since date of hire until present." Further object on the basis that this Request seeks information outside of the custody, control or possession of these answering defendants inasmuch as it requests information from "any municipality," and therefore this portion of the Request exceeds the scope of FRCP 34(a)(1).

Without waiving these objections and in an effort to be responsive, see **Exhibits A and B**, which contain all records related to DTF investigation 10-269.

(ECF No. 196 at 12.)

In his motion to compel, the plaintiff challenges the defendants' failure to provide him with the requested documentation reflecting the termination or removal of each officer from their position, or complaints filed against each officer who participated in DTF investigation 10-269. The plaintiff requests that the Court compel the defendants to provide the reason for termination or

- 8 -

removal from position, training/education, and grievance complaints filed against each officer who participated in DTF investigation 10-269 since their date of hire until present. Specifically, the plaintiff seeks information as to why defendant Mark Hackett was removed from the Drug Task Force and is now a Patrol Deputy.

The County Defendants contend that the plaintiff's request for personnel records exceeds the scope of Federal Rules of Civil Procedure 26(c) and 34(a). According to the defendants, Mark Hackett was not "demoted, terminated, or otherwise removed from his position as a DTF Investigator for cause or as the result of any complaint." (ECF No. 196 at 14.) They also point out that the plaintiff did not address their objection that they have no duty to create a document not in existence.

The Court will deny the plaintiff's motion to compel because the defendants responded to this discovery request. Also, the plaintiff has not shown how the requested documents would help him support his claim.

5. ECF No. 85, Doc. Req. 9

> **REQUEST NO. 9**: Any and all policies, directives, or instructions concerning the use of the Brown County, DTF and any municipality including the Brown County Sheriff's Department, that make up the DTF use of 'No Strip-Search' of confidential informant policy utilized to increase private citizen participation in relation to Drug Investigations. Clarke v. Township of Falls, 124 F.R.D. 91 (E.D. PA 1988); Jones v. Blanas, 393 F. 3d 918 (9th Cir. 2004); Jones v. DeRosa, 238 F.R.D. 157 (D. N.J. 2006).

> **RESPONSE**: Objection. This Request is impermissibly vague through the use of the phrase "any and all." Further object on the basis that this Request seeks information outside of the custody, control or possession of these answering defendants inasmuch as it requests information from "any municipality," and therefore this portion of the Request exceeds the scope of FRCP 34(a)(1). Without waiving these objections and in an effort to be responsive, see **Exhibit D**.

(ECF No. 196 at 15.)

In his motion to compel, the plaintiff requests that the Court compel the defendants to produce the custom, policy, or practice that supports Mark Hackett's testimony that the DTF does not strip search confidential informants because confidential informants will be less likely to assist the DTF if they do strip search them.

The County Defendants contend that the Court should deny the plaintiff's motion as to this request because they produced the relevant Brown County Drug Task Force written policies, including its policy for strip searches. They further state that there is no document that exists to support the plaintiff's theory. According to the defendants, Lieutenant David Poteat's affidavit specifically addresses the issue of strip searching confidential informants:

> That while DTF policies do not require confidential informants to be strip searched, DTF policies do not prohibit DTF officers from strip searching a confidential informant if DTF officers have a reasonable belief or suspicion that a confidential informant is hiding contraband on his or her person.

- 10 -

(ECF No. 196 at 16.)

The County defendants provided the plaintiff with the strip search policy. The Court cannot compel the defendants to produce documents that do not exist. Thus, the plaintiff's motion to compel as to this discovery request will be denied.

6. <u>ECF No. 85, Doc. Req. 12, 15, 14</u>

> **REQUEST NO. 12**: Any and all policies, directives, or instructions by Brown County, DTF and/or any municipality including the Brown County Sheriff's Department that make up the DTF concerning the specific procedures for processing and resolving complaints by citizens regarding the misconduct of officers. <u>Green v. Baca</u>, 219 F.R.D. 485 (C.D. CA 2003).
>
> **RESPONSE**: Objection. This Request is impermissibly vague through the use of the phrase "any and all." Further object on the grounds that this Request seeks information outside of the custody, control or possession of these answering defendants inasmuch as it requests information from "any municipality," and therefore this portion of the Request exceeds the scope of FRCP 34(a)(1). Without waiving this objection and in an effort to be responsive, see attached **Exhibit E**.
>
> **REQUEST NO. 15**: If the requested information is set forth in any document provide the document. Provide documentation of how the (2008) written procedure specifically for complaints regarding the conduct of DTF officials was then made available for public scrutiny for both the general public and citizens confined in the Brown County Jail. If the procedure is different for incarcerated citizens than for the general public provide both procedures. If these procedures are set forth in any policy, directive or other document produce the documents.
>
> **RESPONSE**: Objection. This Request is impermissibly vague and contains multiple parts through the use of the phrase, "If the

- 11 -

procedure is different for incarcerated citizens than for the general public provide both procedures." Further object on the basis that the Request is impermissibly vague through the use of the phrase, "If these procedures are set forth in any policy, directive or other document produce the documents," as it is unclear to what procedures the Request is referring. Without waiving these objections and in an effort to be responsive, the complaint procedure is the same for the general public and incarcerated citizens.

**REQUEST NO. 14**: Provide documentation reflecting Brown County Sheriff citizen complaint procedure with a copyright date of 2008.

**RESPONSE**: Objection. This Request relies on an assumption, namely that the Brown County Sheriff's Department's citizen complaint procedure is copyrighted. Without waiving the objection and in an effort to be responsive, see **Exhibit E**, previously produced in response to Plaintiff's Request for Production of Documents.

(ECF No. 196 at 16, 17, 18.)

The plaintiff requests that the Court compel the defendants to produce documentation which describes where the citizen complaint policy was displayed and/or posted in the Brown County Jail in 2010. According to the plaintiff, this information is necessary to show that Brown County Jail inmates in 2010 had no opportunity to participate in complaint procedures, therefore making it an unconstitutional complaint procedure.

The County Defendants assert that they produced the requested citizen complaint procedures, per Request 12, and that they responded to Request 15 in that they stated that the complaint procedure is the same for the general

public as it is for incarcerated persons. According to the defendants, they did not produce any other materials because there are no other responsive documents aside from the policy produced. Lastly, the defendants clarify that the policy they provided is not copyrighted. Rather, the policy contained a page footer which included a print date of "10/6/2014." (ECF No. 196 at 18.)

The County defendants' response shows that they fully responded to the discovery requests at issue. The Court will therefore deny the plaintiff's motion to compel as to these requests.

7. <u>ECF No. 85, Doc. Req. 18</u>

> **REQUEST NO. 18**: Any and all designated documents and/or electronically stored information maintained in the Brown County Administrative "W-Drive" maintained as an Unofficial report in relation to or in connection with DTF Investigation 10-269, not given to the Brown County District Attorney and Defense Counsel for the plaintiff collected from September 2010 until March 2012; <u>Boyd v. Gollet</u>, 64 F.R.D. 169 (D. MD 1974); <u>Denver Policemen's Protective Asso v. Lichtenstein</u>, 660 F.2d 432 (10th Cir. 1981); <u>Bogle v. McClure</u>, 332 F. 3d 1347 (11th Cir. 2003); <u>Clarke v. Township of Falls</u>, 124 F.R.D. 91 (E.D. PA 1988).
>
> **RESPONSE**: Objection. This Request is impermissibly vague through the use of the phrases "any and all" and "Brown County Administrative 'W-Drive.'" Further object on the basis that the Request relies on an assumption, namely that "unofficial reports" exist and that any such reports were "not given to the Brown County District Attorney and Defense Counsel for the plaintiff."

(ECF No. 196 at 19.)

In his motion to compel, the plaintiff contends that the defendants withheld and omitted information related to the DTF investigation 10-269-004

- 13 -

dated October 21, 2010, from records and files that were used when DTF agent Mark Hackett referred investigation 10-269 to the Brown County District Attorney. The plaintiff requests that the Court compel the defendants to provide him with all documents, audio, and video records not previously provided that were created in related to DTF investigation 10-269.

The County Defendants contend that the Court should deny the plaintiff's motion because they cannot produce that which does not exist. According to the defendants, the plaintiff's motion to compel does not meet the substance of their objections or explain how they were improper. The defendants assert that the plaintiff's contention that he "revealed a practice where DTF agents prepared Case Activity Reports" that "omit information though highly relevant and sometimes exculpatory" is wrong. (ECF No. 187 at 10.) The defendants assert that the plaintiff "has revealed no such thing and he offers no evidence whatsoever to support such an assertion, let alone that it has anything to do with 'unofficial reports' maintained on an Administrative W-Drive." (ECF No. 196 at 20.) The defendants contend that the Court should deny the plaintiff's motion because the plaintiff's theory does not demonstrate that any information responsive to his request was not produced, nor does it demonstrate that the County Defendants' objections were inappropriate.

The plaintiff has not shown that the County defendants failed to

- 14 -

produce responsive information or that the defendants' objections were inappropriate. Thus, the Court will deny the plaintiff's motion to compel as to this discovery request.

8. <u>ECF No. 86, Interr. No. 6-7</u>

> **INTERROGATORY NO. 6**: State the defects or complaints made by any DTF official in regards to the digital audio/video equipment used between January 2010 and February 2012 for downloading digital evidence onto DVD for DTF investigation (10-269). If the defects or complaints are set forth in any report, log, list or other document produce the document(s).
>
> **RESPONSE**: Objection. This Interrogatory is impermissibly vague as to what is meant by "defects or complaints," is overly broad through the use of the phrase "any DTF official" and for timeframe, and it seeks information that is not likely to lead to the discovery of admissible evidence pursuant to FRCP 26(b)(1) and FRCP 33(a).
>
> **INTERROGATORY NO. 7**: State any maintenance or warranty work/replacements done for any digital audio/video equipment used to store and download digital evidence to DVD between January 2010 and February 2012 used for DTF investigation (10-269). If the maintenance or warranty/replacements are set forth in any reports, logs or other documents produce the document(s).
>
> **RESPONSE**: Objection. This Interrogatory is overly broad and unduly burdensome, and it seeks information that is not likely to lead to the discovery of admissible evidence pursuant to FRCP 26(b)(1) and FRCP 33(a).

(ECF No. 196 at 21-22.)

The plaintiff requests that the Court compel the defendants to provide the requested information. He asserts that the purpose of the interrogatories is to substantiate Mark Hackett's testimony that new equipment was in fact

- 15 -

purchased by the DTF in response to DVDs not being able to copy audio and video recordings. In response, the County Defendants contend that the plaintiff's request for information about repairs and the warranty of the DTF's digital recording system exceeds the scope of Federal Rule of Civil Procedure 26(b).

The Court will deny the plaintiff's motion as to these interrogatories because the plaintiff has not shown how the requested information is relevant to his claim.

9. <u>ECF No. 86, Interr. Nos. 8-22</u>

The plaintiff's Interrogatories 8-12 ask the defendants to state whether they take certain positions on issues related to disclosure of information to the District Attorney, the availability of a citizen complaint procedure, and the performance of pat searches and strip searches on confidential informants. Interrogatories 13 through 22 ask the defendants to "state the factual basis behind the general denials" of certain paragraph in the plaintiff's complaint. (ECF No. 196 at 23.)

In support of his motion to compel, the plaintiff requests that the Court compel the defendants to respond to his contention interrogatories (8-12). He requests that the Court compel the defendants to answer his interrogatories openly and honestly, and without equivocation or subterfuge.

The County Defendants assert that the plaintiff's contention

interrogatories seek the defendants' position on purely legal questions. They also state that these interrogatories are vague, and incorporate many erroneous assumptions. For example,

> **INTERROGATORY NO. 8**: State whether DTF officials/final policy makers take the position that the custom, policy and/or practice which allows DTF Lieutenants to use their own perception of the utility of evidence collected to determine what is or is not disclosed to the Brown County District Attorney (hereinafter BCDA) and defense counsel for DTF suspects satisfies the principles exemplified by Brady v. Maryland, 373 U.S. 83 (1963), and if so, state the factual basis for that position.
>
> **RESPONSE**: Objection. This Interrogatory is impermissibly vague as to what is meant by "officials/final policy makers" and "perception of the utility of evidence collected," and it fails to identify the specific "principles exemplified by Brady v. Maryland" to which is refers. Further object on the basis that it seeks the Defendants' legal reasoning and theories regarding Plaintiff's contentions and/or presents a legal question regarding defenses. Further, object on the basis that this Interrogatory requests information protected by attorney work product doctrine as defined in Wis. Stats. § 905.03(2) and pursuant to FRE 501.

(ECF No. 196 at 24.)

The County defendants assert that the plaintiff fails to address the substance of their objections to Interrogatories 13 through 22, which refer to paragraphs from the plaintiff's complaint and seek the facts underlying "the general denials." For example,

> **INTERROGATORY NO. 13**: State the factual basis behind the general denials of paragraph #28 of plaintiff's amended complaint dated March 5, 2014.

- 17 -

> **RESPONSE**: Objection. This Interrogatory is impermissibly vague through the use of the phrase "general denials." Multiple defendants have filed answers to Plaintiff's Third Amended Complaint and this Interrogatory fails to identify the answer(s) to which plaintiff is referring.

(ECF No. 105-1 at 6-7.)

The Court will deny the plaintiff's motion to compel as to these interrogatories because defendants' objections were proper. *See Menominee Indian Tribe of Wis. v. Thompson*, 943 F. Supp. 999, 1007 (W.D. Wis. 1996) ("Contention interrogatories are designed to help defendants discern the basis for the claims against them."); *see also Spacesaver Corp. v. Marvel Group., Inc.*, 621 F. Supp. 2d 659, 662 (W.D. Wis. 2009). Moreover, the plaintiff's motion to compel does not address the substance of the defendants' objections to the latter interrogatories.

10. ECF No. 86, Interr. No. 23

> **INTERROGATORY NO. 23**: State the number of investigations conducted for DTF investigation (10-269) irregardless [sic] of whether the investigation resulted in charge referrals to the BCDA. If the number of investigations are listed in any report, log, list or other document produce the document(s).
>
> **RESPONSE**: Objection. This Interrogatory is impermissibly vague as to what is meant by "investigations conducted for DTF investigation (10-269)." Without waiving this objection and in an effort to be responsive, see **Exhibits A and B**, which contain the entire file for investigation 10-269.

(ECF No. 196 at 27.)

The plaintiff contends the defendants have attempted to deceive him

- 18 -

and the Court by taking the positon that they would conceal information and subject the plaintiff to prove that it exists. The plaintiff refers to the controlled transaction dated October 21, 2010, that was not referred to the Brown County District Attorney. He requests that the Court compel the defendants to answer the interrogatory openly, honestly, and without equivocation or subterfuge.

The County Defendants contend that the plaintiff's concerns regarding Interrogatory 23 are based on erroneous assumptions. According to the defendants, he fails to meet the substance of the defendants' objection to vagueness. Further, the defendants asserts that the plaintiff's allegation that they knew that Exhibits A and B did not contain case activity reports, surveillance reports, investigative fund receipts, and controlled buy reports dated October 21, 2010, is discussed above in relation to the previous document production request. The defendants state that no responsive information exists with which to supplement the original response.

The Court will deny the plaintiff's motion to compel as to this interrogatory because the defendants have shown that they do not have responsive information.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT** the plaintiff's motion to compel discovery (ECF No. 186) is **DENIED**.

**IT IS FURTHER ORDERED** that County defendants resend the plaintiff the disc described above at pages 3-4.

**IT IS FURTHER ORDERED** that the Court will reopen discovery for the limited purpose of allowing the parties to conduct discovery related to the three former Doe defendants: DTF Investigator Scanlan, Brad Brodbeck, and Mary Lynn Young. The deadline for the completion of the limited discovery is **March 14, 2016**, and the deadline for filing dispositive motions is **April 15, 2016**.

Dated at Milwaukee, Wisconsin, this 11th day of January, 2016.

**BY THE COURT:**

s/ Charles N. Clevert, Jr.
for **HON. RUDOLPH T. RANDA**
**U.S. District Judge**